2022-1502

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S.,

Plaintiff

AMERICAN CAST IRON PIPE COMPANY, BERG STEEL PIPE CORP., BERG SPIRAL PIPE CORP., DURA-BOND INDUSTRIES, STUPP CORPORATION, AMERICAN LINE PIPE PRODUCERS ASSOCIATION, GREENS BAYOU PIPE MILL, LP, JSW STEEL (USA) INC., SKYLINE STEEL, TRINITY PRODUCTS LLC, WELSPUN TUBULAR LLC,

Plaintiffs – Appellants

v.

UNITED STATES,

Defendant – Appellee

Appeal from the United States Court of International Trade in Case No. 1:19-cv-00056-JAR and 1:19-cv-00080-JAR, Senior Judge Jane A. Restani

**RESPONSE TO PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

## I. INTRODUCTION

American Cast Iron Pipe Company, *et al.* ("Petitioners"), Plaintiffs-Appellants in this proceeding, hereby respond to the April 6, 2022 motion for summary affirmance filed by Plaintiff-Appellee Borusan Mannesmann Boru Sanayi ve Ticaret A.S. ("Borusan"). *See* Pl.-Appellee Borusan Mannesmann Boru Sanayi ve Ticaret A.S.'s Mot. for Summ. Affirmance, with App. (Apr. 6, 2022), ECF No. 11 ("Borusan's Motion").

## II. ARGUMENT

The Court should deny Borusan's motion for summary affirmance of the decision of the U.S. Court of International Trade ("CIT") sustaining the U.S. Department of Commerce's ("Commerce") second remand results. *See* Appx1-4. In those remand results, Commerce complied with the order of the CIT to remove the adjustment to Borusan's reported costs of production prior to applying the sales-below-cost test to account for the particular market situation ("PMS") in Turkey during the relevant period.

Borusan argues that this Court has heard an identical legal challenge and determined that the statute does not permit a PMS adjustment to a respondent's actual costs for purposes of the sales below cost test. Petitioners do not contest that the Court made this holding in *Hyundai Steel Co. v. United States*, 19 F.4th 1346 (Fed. Cir. 2021), *reh'g and reh'g en banc denied*, Order, No. 2021-1748 (Fed. Cir. Mar. 23, 2022), ECF No. 95 (non-precedential).[1] However, because the decision in

---

[1] Borusan also states that the PMS adjustment issue is "the sole remaining issue on appeal." Borusan's Motion at 2. Petitioners note that there is one additional issue that was remanded by the CIT to Commerce – regarding determination of the proper "date of sale" for Borusan's sale – which Commerce failed to reconsider in its remand results. Over Petitioners' objection, Commerce noted that, because the PMS adjustment issue took the dumping margin in the case to zero and thus resulted in an overall negative final determination in the investigation, it had no need to reconsider date of sale. Were the Petitioners to prevail in the instant appeal on the PMS issue, Commerce would still need to render a decision on the outstanding issue of date of sale.

2

*Hyundai Steel* is not final, summary affirmance of the CIT's decision based on that decision is inappropriate.

This Court has recognized that "the appeal process . . . is {not} completed until all possible appeals are exhausted." *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1379 (Fed. Cir. 2002) (internal quotation omitted). "Thus, there is not a final court decision in an action that originates in the {CIT} and in which there is an appeal to the Federal Circuit until, following the decision of the Federal Circuit, the time for petitioning the Supreme Court for certiorari expires without the filing of a petition." *Id.* (internal quotation omitted).

Consistent with that principle, this appeal should not be concluded until the Supreme Court rules on a petition for certiorari in *Hyundai Steel* or until the window for filing such a petition has passed. The appellant in *Hyundai Steel* has indicated its intention to file a petition for a writ of certiorari by June 14, 2022. *See* Mot. to Stay the Mandate Pending Pet. for Writ of Cert., *Hyundai Steel Co. v. United States*, No. 2021-1748 (Fed. Cir. Mar. 22, 2022), ECF No. 94. And, notably, the Court in *Hyundai Steel* directed that the "liquidation of the subject entries in this case will continue to be suspended until the decision in this case is 'final,' *i.e.*, when the decision is 'conclusive such that it could no longer be appealed.'" Order at 4, *Hyundai Steel Co. v. United States*, No. 2021-1748 (Fed. Cir. Mar. 23, 2022), ECF No. 95.

The ultimate resolution of *Hyundai Steel* will bear upon, and potentially resolve, the issues in the case. If the Supreme Court denies certiorari, the central issue in this appeal may be effectively mooted, whereas, if certiorari is granted, this appeal will be governed by the resulting Supreme Court decision. Summary affirmance is appropriate only when affirmance "is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Given the continued potential for Supreme Court review of the central question in this appeal, a substantial question regarding the outcome of the appeal exists, and the appeal is not "clearly hopeless," as Borusan suggests. Borusan's Motion at 8. Borusan itself recognizes in its motion that "{i}n this Circuit, a later panel is bound by the determinations of a prior panel, unless relieved of that obligation by an en banc order of the court <u>or a decision of the Supreme Court</u>." *Id.* (emphasis added) (citing *Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014)). A Supreme Court decision has not yet been rendered, or possibility for such a decision passed, to determine whether or not the Court is bound by the current decision in *Hyundai Steel*.

As noted above, the appellant in *Hyundai Steel* may file a petition for a writ of certiorari until June 14, 2022, as Borusan acknowledges. *See id.* at 10 ("the deadline for filing a petition for certiorari in *Hyundai Steel* has not expired"). That "to date no petition for certiorari has been filed" is irrelevant. *Id.* The fact remains

that a petition may still be filed and, thus, "there is not a final court decision" in *Hyundai Steel*. *Fujitsu Gen. Am., Inc.*, 283 F.3d at 1379 (internal quotation omitted). Similarly, Borusan's unsupported assertion that it is unlikely that the Supreme Court would grant certiorari or reverse this Court's judgment in *Hyundai Steel* does not make summary affirmance proper. The probability of the Supreme Court granting certiorari, and how that Court would decide the case if it did, cannot be known, and Borusan's speculation on those questions is unfounded.

As such, substantial questions persist in this appeal, and summary affirmance is inappropriate.

## III. CONCLUSION

For the reasons discussed herein, Petitioners respectfully request that this Court deny Borusan's motion for summary affirmance.

Respectfully submitted:

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Elizabeth S. Lee, Esq.

**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000

*Counsel to American Cast Iron Pipe Company, Berg Steel Pipe Corp., Berg Spiral Pipe Corp., Dura-Bond Industries, and Stupp Corporation, individually and as members of the American Line Pipe Producers Association; Greens Bayou Pipe Mill, LP; JSW Steel (USA) Inc.; Skyline Steel; Trinity Products LLC; and Welspun Tubular LLC*

Dated: April 18, 2022

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-1502
**Short Case Caption** Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. U.S.
**Filing Party/Entity** See Attachment

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/15/2022      Signature: /s/ Timothy C. Brightbill

Name: Timothy C. Brightbill

| 1. Represented Entities.<br>Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest.<br>Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders.<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| American Cast Iron Pipe Company | N/A | N/A |
| Berg Steel Pipe Corp. | N/A | N/A |
| Berg Spiral Pipe Corp. | N/A | N/A |
| Dura-Bond Industries | N/A | N/A |
| Stupp Corporation | N/A | N/A |
| Greens Bayou Pipe Mill, LP | N/A | N/A |
| JSW Steel (USA) Inc. | N/A | JSW Steel (USA) Inc. is a wholly-owned subsidiary of JSW Steel Limited. |
| Skyline Steel | N/A | Skyline Steel is a wholly-owned subsidiary of Nucor Corporation. |
| Trinity Products LLC | N/A | N/A |
| Welspun Tubular LLC | N/A | Welspun Tubular LLC is a wholly-owned subsidiary of Welspun Corp. Limited. |
| American Line Pipe Producers Association | N/A | N/A |
|  |  |  |

☐　Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Hyundai Steel Co. v. U.S. (CAFC Ct. No. 21-1748) | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# ATTACHMENT

**Filing Party/Entity**: American Cast Iron Pipe Company, Berg Steel Pipe Corp., Berg Spiral Pipe Corp., Dura-Bond Industries, Stupp Corporation, Greens Bayou Pipe Mill, LP, JSW Steel (USA) Inc., Skyline Steel, Trinity Products LLC, Welspun Tubular LLC, and American Line Pipe Producers Association, Plaintiff-Appellants

FORM 19. Certificate of Compliance with Type-Volume Limitations | Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-1502

**Short Case Caption:** Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. U.S.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __993__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 04/18/2022    Signature: /s/ Timothy C. Brightbill

Name: Timothy C. Brightbill